UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-01580-MTS |
| | ) | |
| CITY OF ST. LOUIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Harold Mosley's Motion for Order Authorizing Service by Mail on Defendant Iesha Powell. Doc. [42]. Defendant has been a party to this lawsuit since June 06, 2025. Doc. [18]. In the meantime, Plaintiff has engaged two process servers who have attempted to effectuate service on Defendant no less than fifteen times at two separate addresses. Doc. [42] at 2. All indications are that Defendant lives at the second address because vehicles registered to Defendant are located there, and both a neighbor and the landlord have confirmed that Defendant resides there. Doc. [42-2] (affidavit of non-service). Even so, Defendant has not been personally served, although the surrounding circumstances appear consistent with evasion of service. Doc. [42] at 2. Accordingly, Plaintiff asks the Court to authorize service by mail, consistent with Missouri law, except in one important respect. Plaintiff requests that the Court "deem service completed upon mailing of the Summons and Complaint" to Defendant's most recent, verified address. *Id.* at 3. The Court is not convinced that it can grant this relief.

Federal Rule of Civil Procedure 4(e)(1) allows service upon an individual within a judicial District of the United States pursuant to the law of "the state where the district court is located or where service is made."  This Court is located in the state of Missouri, and Plaintiff seeks to effect service by mail in Missouri.  According to Missouri law, service by mail is permitted, but service is not valid until the defendant completes and returns a corresponding acknowledgement of service.  *See* Mo. Rev. Stat. § 506.150.4; *see also Cook v. Polineni*, 967 S.W.2d 687, 692–93 (Mo. Ct. App. 1998).  In essence, Plaintiff asks this Court to do away with this acknowledgement requirement, given the possibility that Defendant will not complete it and will thus remain unserved.

The problem for Plaintiff is that he has not identified any Missouri law that permits a court to dispense with the acknowledgment requirement after service by mail on a resident defendant.[*]  To be sure, other states seem to permit their courts greater flexibility under similar circumstances.  *See, e.g.*, *Melton v. Johnson*, 249 S.E.2d 82, 84 (Ga. 1978).  And the Federal Rules permit a district court to authorize service on a *foreign* defendant by a method that is reasonably calculated to give notice and "not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3).  But in this instance, the Court is bound by Missouri law, *see Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000) (emphasizing "the necessity of serving process in the manner prescribed in [Missouri] statues and rules"

---

[*] The Court notes that Missouri Revised Statute § 506.160.2 provides for service by mail when applicable, but even this provision requires the clerk of court to both send the summons and petition and request a return receipt signed by the defendant.  *See also* Mo. Rev. Stat. § 506.180.3 (requiring the corresponding proof of service to include the filed "return registered mail receipt").

(citation omitted)), or the specific methods of service set forth in the Federal Rules. *See* Fed. R. Civ. P. 4(e)(2).

The Court acknowledges Plaintiff's due diligence and good faith attempts at service and does not want this decision to be viewed as rewarding the behavior of Defendant, who appears to be intentionally concealing herself. Given this behavior, the Court will provide Plaintiff extra time to serve Defendant. The Court also notes Plaintiff will be able to recoup expenses "incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." *See* Fed. R. Civ. P. 4(d)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Harold Mosley's Motion for Order Authorizing Service by Mail on Defendant Iesha Powell, Doc. [42], is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than **May 06, 2026**, Plaintiff Harold Mosley shall serve Defendant Iesha Powell or seek an additional extension, if appropriate. Failure to do so may result in dismissal of Defendant Iesha Powell without prejudice. *See* Fed. R. Civ. P. 4(m).

Dated this 5th day of February 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE